IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| BENJAMIN WARREN,<br><br>    Plaintiff,<br><br>vs.<br><br>MARK M. FICEK,<br><br>    Defendant. | CV 18-110-BLG-SPW-TJC<br><br>**ORDER** |

  Plaintiff Benjamin Warren ("Warren") brings this action against Defendant Mark M. Ficek ("Ficek") relating to a real estate transaction. (Doc. 1.)

  Presently before the Court is Ficek's Motion to Dismiss for Lack of Diversity Jurisdiction. (Doc. 5.)

## I. BACKGROUND

  Warren alleges that he entered into a Buy-Sell Agreement with Ficek on or about February 24, 2016 for the purchase of a property located at 12555 Andrew Lane in Molt, Montana. As part of the transaction, Ficek provided Warren with an Owner's Property Disclosure Statement, which required Ficek to disclose any adverse material facts concerning the property. Warren states that he reasonably relied upon the Disclosure Statement. Warren asserts that after he moved into the property he discovered significant issues that were not disclosed, including structural defects and substantial damage to the property. Warren alleges the

structural defects and substantial damage could not have been discovered by a reasonable inspection and were not obvious to him until after he purchased the property.

Warren brought this suit on July 19, 2018, alleging fraud in the inducement, breach of contract, unfair and deceptive trade practice, negligent misrepresentation, and breach of the implied covenant of good faith and fair dealing. Warren invoked federal jurisdiction based on diversity of citizenship. Warren pleaded that he is a citizen of Montana and that Ficek is a citizen of Idaho.

Ficek now moves to dismiss, arguing the Court lacks subject matter jurisdiction because he is citizen and resident of Montana, and therefore, complete diversity does not exist.

## II. DISCUSSION

Federal courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). The element of diversity of citizenship "requires complete diversity between the parties – each defendant must be a citizen of a different state from each plaintiff." *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008). The party asserting diversity jurisdiction bears the burden of proof. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986).

For purposes of diversity, a person's citizenship is determined by his or her state of domicile, not residence. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* Domicile is determined as of the time the lawsuit is filed. *Lew*, 797 F.2d at 750. The determination of a person's domicile involves a number of factors, including: "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Id.* No single factor is controlling. *Id.* Domicile is evaluated in terms of "objective facts," and "statements of intent are entitled to little weight when in conflict with facts." *Id.* (citing *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 556 (5th Cir. 1985)).

A defendant may move for dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) attack may be either facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves,

would otherwise invoke federal jurisdiction." *Id.* When considering a factual attack, the Court may look to evidence beyond the complaint "without having to convert the motion into one for summary judgment." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). The Court also need not presume the truthfulness of the plaintiff's allegations. *Id.* "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High School*, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003).

Here, there is conflicting evidence about whether Ficek is domiciled in Idaho or Montana. Ficek alleges that he is a citizen and resident of Montana. In support of his motion to dismiss he submitted an affidavit stating, "I vote in Montana, file taxes in Montana, and otherwise consider Montana my home." (Doc. 5-1 at 2, ¶ 3.) Ficek also provided a copy of his current Montana driver's license, which lists a Montana address. (*Id.* at 3.)

In response, Warren produced evidence showing Ficek's assertion about voting in Montana is false. Ficek's voting record demonstrates he has not voted in Montana since 2012; he registered to vote in Idaho in 2016 (at which time affirmed Idaho residency); and he most recently voted in Idaho in 2016. (Docs. 8-1, 8-2.)

Warren also produced evidence showing Ficek owns a home in Idaho (where he was personally served); there is no record Ficek owns any property in Montana; Ficek's wife is a nurse and is licensed only in Idaho; Ficek and his wife have vehicles registered in Idaho; the address listed on Ficek's Montana driver's license is owned by a relative; and Ficek's Montana driver's license was not issued until after this action was filed, thus suggesting it may have been obtained for the purpose of defeating diversity. (Docs. 8-1 - 8-11.)

Ficek submitted a "corrective affidavit" in reply, admitting that his prior statement about voting in Montana was not accurate and stating he "forgot" he had registered to vote in Idaho. (Doc. 10-1 at 2, ¶ 3.) Nevertheless, Ficek maintains that his domicile is Montana. In support, he states his business in located in Montana; he has a bank account in Montana (although the bank record he submitted shows it was last active on February 22, 2018, before this lawsuit was filed); he owns vehicles that are licensed in Montana (but he only submitted vehicle titles from Montana, not proof of in-state registration); and he has paid taxes in Montana (but he does not provide any evidence of this). (*Id.* at ¶10-1.) Ficek also provided a copy of his prior Montana driver's license, showing it was set to expire just days after his current license was issued. (*Id.* at 4-5.)

In short, the Court has before it some evidence that suggests Ficek is domiciled in Idaho, and some evidence that suggests his domicile is Montana, and

many other unanswered questions bearing on the issue. In particular, Warren has been unable to produce evidence or verify Ficek's statements regarding several of the domicile factors, including Ficek's current residence, banking relationships, membership in unions or other organizations, place of employment or business, automobile registration, and payment of taxes.

Fortunately, there is a mechanism in place to attempt to gain answers to those questions. Jurisdictional discovery in connection with a facial attack on subject matter jurisdiction should be permitted "if it is possible that the plaintiff can demonstrate the requisite jurisdictional facts if afforded that opportunity. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). The Court believes a period of discovery is the most prudent course of action here. There are enough outstanding questions regarding Ficek's domicile and veracity that jurisdictional discovery is proper. The Court finds it is certainly possible that Warren can show Ficek is domiciled in Idaho. Moreover, the Court is hesitant to rely on Ficek's untested averments, since he has submitted an affidavit that was demonstrably incorrect.

Accordingly, the Court will permit Warren to conduct jurisdictional discovery regarding Ficek's domicile. The discovery shall be limited to facts relevant to Ficek's domicile, and may consist of interrogatories, document requests, and depositions of Ficek and his wife. The Court will defer ruling on the

motion to dismiss to allow Warren time to conduct this jurisdictional discovery. The matter will then be determined following an evidentiary hearing at which Warren will be required to establish Ficek's domicile by a preponderance of the evidence.

### III. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that limited jurisdictional discovery shall commence the date of this Order and shall be completed by **July 1, 2019**.

**IT IS FURTHER ORDERED** that unless the parties reach an agreement regarding Ficek's domicile, an Evidentiary Hearing will be held on **July 16, 2019 at 2:30 p.m.** in the Bighorn Courtroom, James F. Battin Federal Courthouse, Billings, Montana.

**IT IS ORDERED**.

DATED this 8th day of May, 2019.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge