IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| BENJAMIN WARREN,<br><br>               Plaintiff,<br><br>vs.<br><br>MARK M. FICEK,<br><br>               Defendant. | CV 18-110-BLG-SPW-TJC<br><br>**FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

Plaintiff Benjamin Warren ("Warren") brings this action against Defendant Mark M. Ficek ("Ficek") relating to a real estate transaction. (Doc. 1.)

Presently before the Court is Ficek's Motion for Summary Judgment Regarding Lack of Standing. (Doc. 45.) The motion has been referred to the undersigned under 28 U.S.C. § 636(b)(1)(B), and is fully briefed and ripe for the Court's review. (Docs. 46, 52, 53.)

**I.  BACKGROUND**

Warren is the sole beneficiary of the Benjamin White Warren Irrevocable Trust dated December 19, 1996 (the "Trust"). (Doc. 47-2 at 44-60.) Nancy F. Thornton ("Thornton") is the trustee of the Trust.

In early 2016, Thornton in her capacity as Trustee, purchased a property located at 12555 Andrew Lane in Molt, Montana from Ficek (the "Property"). (Doc. 47-1 at 3-12.) The Buy-Sell Agreement dated February 24, 2016 was

1

entered between Ficek and Thornton as Trustee of the Trust, and signed by Thornton. (*Id.* at 3, 11.) Likewise, the Warranty Deed dated March 11, 2016 for the Property ran from Ficek to Thornton as Trustee of the Trust. (*Id.* at 12.)

As part of the transaction, Ficek provided an Owner's Property Disclosure Statement, in which he declared that he had no knowledge of any adverse material facts regarding the Property. (Doc. 51-1 at 25-29.) Thornton signed the Buyer's Acknowledgment of the Disclosure Statement. (*Id.* at 29.) The Trust also had an inspection performed on the Property before the purchase. (Doc. 47-2 at 3.)

Warren alleges that after he moved into the Property he discovered significant issues that were not disclosed, including structural defects and substantial damage to the property. (Doc. 51-1 at 3-4.)

On March 6, 2018, Thornton executed a Trustee's Deed, which quitclaimed the Property to Warren (the "Deed"). (Doc. 47-2 at 31-32.) The Deed provided in relevant part:

> NANCY F THORNTON, SUCCESSOR TRUSTEE OF THE BENJAMIN WHITE WARREN IRREVOCABLE TRUST, DATED DECEMBER 19, 1996, 12770 High Bluff Drive, STE 150, San Diego, CA 92130 (Grantor), in consideration of one dollar and other valuable considerations, does hereby grant and forever quitclaim unto BENJAMIN WHITE WARREN, 12555 Andrew Land, Molt, MT 59057 (Grantee), the following real property in Yellowstone County, Montana:
>
> . . .

> together with all tenements, hereditaments and appurtenances thereto, and all reversions and remainders, and all rents, issues and profits thereof, and all right, title and interest of the Grantor therein.
> TO HAVE AND TO HOLD all and singular the said premises together with appurtenances unto the Grantee and to the heirs and assigns of the survivor forever.

(*Id.*)

On July 19, 2018, Warren filed this suit, alleging fraud in the inducement, breach of contract, unfair and deceptive trade practice, negligent misrepresentation, and breach of the implied covenant of good faith and fair dealing. (Doc. 1.)

On July 30, 2019, Thornton executed an Acknowledgment of Distribution, which stated:

> On March 6, 2018, I, Nancy F. Thornton, Trustee of the Benjamin White Warren Irrevocable Trust dated December 19, 1996, executed a Trustee's Deed, which transferred and distributed all right, title and interest I held in the real property in Yellowstone County, Montana located at 12555 Andrew Lane, Molt, MT 59057, including any and all causes of action related to the real property, to Benjamin White Warren.

(Doc. 51-1 at 47.)

Ficek now moves for summary judgment, arguing Warren lacks standing to bring this action.

## II. LEGAL STANDARD

Summary judgment is appropriate where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322

3

(1986). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable fact-finder to return a verdict for the nonmoving party. *Id*. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Id.* at 322-23.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party must "go beyond the pleadings and by 'the depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P.

56(e)).

"A district court's ruling on a summary judgment motion may only be based on admissible evidence." *Briese v. Montana*, 2012 WL 4929107, *15 (D. Mont. Oct. 16, 2012); Fed. R. Civ. P. 56(c)(4). Thus, it is "incumbent on the court to determine whether the proffered proof would be admissible in evidence." *Paramount Pest Control Serv. v. United States*, 304 F.2d 115, 116 (9th Cir. 1962). Where the proffered evidence clearly infringes on the parol evidence rule, it must be rejected. *Id.* at 117.

### III.   DISCUSSION

"It goes without saying that those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). The Supreme Court has stated that "to satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180-81 (2000). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan v.*

*Defenders of Wildlife*, 504 U.S. 555, 561 (1992). "Additional prudential limitations on standing may exist even though the Article III requirements are met[.]" *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 804 (1985). One of the prudential limits on standing is that "a litigant must normally assert his own legal interests rather than those of third parties." *Id.*

### A. Warren Does Not Have Standing as a Trust Beneficiary

Ficek argues Warren lacks standing because the Property was sold to Thornton as Trustee, and Warren lacks standing to pursue claims belonging to the Trust.

Generally, the beneficiary of a trust does not have standing to pursue claims that belong to the trust. *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 567 (1990). Rather, the "trustee has the exclusive authority to sue third parties who injure the beneficiaries' interest in the trust, including any legal claim the trustee holds in trust for the beneficiaries." *Id.* (internal citation omitted). Likewise, under California law, which applies to the Trust here,[1] "the trustee is the real party in interest with standing to sue and defend on the trust's behalf." *Estate of Giraldin*, 290 P.3d 199, 210 (Cal. 2012). "A trust beneficiary has no legal title or ownership interest in the trust assets; his or her right to sue is ordinarily limited

---

[1] The Trust provides that California law applies to its provisions. (Doc. 47-2 at 57-58.)

to the enforcement of the trust, according to its terms.'" *Saks v. Damon Raike & Co.*, 7 Cal.App.4th 419, 427 (1992). "[T]herefore, a trust beneficiary is not the entity positioned to take legal recourse to protect the trust assets[.]" *In re Tower Park Properties, LLC*, 803 F.3d 450, 459 (9th Cir. 2015).

There is an exception to the general rule "where a trustee cannot or will not enforce a valid cause of action that the trustee ought to bring against a third person." *Saks*, 7 Cal.App.4th at 427. In that circumstance, the beneficiary "may seek judicial compulsion against the trustee." *Id. See also Chauffers*, 494 U.S. at 658 (stating a trust beneficiary may have standing to sue "only if the trustee 'improperly refuses or neglects to bring an action against the third person.'").

Here, the Property was purchased by Thornton in her capacity as Trustee. As such, any injury to the Property is an injury to the Trust and not to Warren personally. Thus, to the extent Warren is bringing this action as the beneficiary of the Trust, he lacks standing. *Singh v. City of Sacramento*, 2019 WL 1359493, *5 (E.D. Cal. March 26, 2019) (finding plaintiff lacked standing to bring claims in her individual capacity relating to real property that was held in trust).

Further, Warren has not shown that the exception to the general rule applies. Warren has not alleged any negligent act on the part of Thornton, has not presented any evidence to show that he has brought any judicial action against Thornton, or shown that Thornton improperly refused to bring claims against Ficek after being

7

asked to do so.

Accordingly, Warren lacks standing to bring this action as a beneficiary of the Trust.

### B. Warren Does Not Have Standing by Virtue of Property Ownership

Warren argues he has standing in his personal capacity because Thornton transferred and assigned to him the entire interest in the Property, including any and all causes of action related to the Property, in March 2018. Ficek counters the Deed from Thornton did not assign any causes of action to Warren, and Warren may not rely on parol evidence to prove otherwise.

"[A] valid assignment confers upon the assignee standing to sue in place of the assignor." *Misic v. Bldg. Serv. Emp. Health & Welfare Trust*, 789 F.2d 1374, 1378 (9th Cir. 1986). *See also Northstar Fin. Advisors Inc. v. Schwab Inv.*, 779 F.3d 1036, 1047 (9th Cir. 2015) (stating "the assignee of a cause of action stands in the shoes of the assignor, and unquestionably has the same standing to file a complaint that the assignor could have filed.").

Accordingly, the Court must determine whether the Deed constitutes a valid assignment of claims to Warren. Warren asserts he and Thornton intended for the conveyance to include an assignment of claims,[2] and states Thornton confirmed

---

[2] Warren's declaration states "Both the trustee and I intended for that conveyance to constitute an assignment to me of any claims and/or causes of action the trustee

8

that intent in writing in the Acknowledgment of Distribution dated July 30, 2019.

When interpreting the language of a deed, the Court must apply the rules of contract interpretation. *Lolo Minerals, LLC v. Cascio, Jr.*, 2015 WL 12592790, *2 (D. Mont. May 28, 2015); *Mary J. Baker Revocable Trust v. Cenex Harvest States Coops. Inc.*, 164 P.3d 851, 857 (Mont. 2007) ("The construction of a writing granting an interest in real property . . . is governed by the rules of contract interpretation."). Assignments are also "interpreted or construed in accordance with the rules of construction governing contracts generally." *Northwest Oil & Refining Co. v. Honolulu Oil Corp.*, 195 F.Supp. 281, 286 (D. Mont. 1961).

Under the rules of contract interpretation, "[i]f the language of a contract is unambiguous – i.e., reasonably susceptible to only one construction – the duty of the court is to apply the language as written." *Mary J. Baker Revocable Trust*, 164 P.3d at 857. *See also Northwest Oil & Refining Co.*, 195 F.Supp. at 286 ("The intention of the parties is to be deduced from the language employed by them, and

---

might have against Mr. Ficek relating to the trustee's purchase of the Property in March 2016." (Doc. 51-1 at 4-5.) Warren's statement about Thornton's intentions, however, is hearsay because it is offered to prove the matter asserted – namely, that Thornton intended to assign causes of action to Warren. As such, it may not properly be considered in ruling on summary judgment. Fed. R. Civ. P. 56(c)(4); *Turner v. Lundquist*, 377 F.2d 44, 48 (9th Cir. 1967) (noting affidavit which was hearsay was inadequate to defeat motion for summary judgment).

the terms of the contract, where unambiguous, are conclusive."). If, however, the language is ambiguous, then "a factual determination must be made as to the parties' intent in entering into the contract." *Id.* But even when it can be considered, evidence of the parties intent "is not admissible to add to, vary, or contradict the terms of the contract." *Id.* Whether an ambiguity exists is a question of law, and is to be made on an objective basis. *Id.*

It has long been recognized that when a deed is unambiguous, it cannot be varied by parol evidence. *Superior Oil Co. v. Vanderhoof*, 297 F.Supp. 1086, 1092-93 (D. Mont. 1969); *Taylor v. Holter*, 1 Mont. 688, 695 (Mont. 1872). This is because "when the terms of a contract are plain and unambiguous, resort may not be had to extrinsic circumstances under the pretense of ascertaining its meaning." *Union Electric Co. v. Lovell Livestock Co.*, 54 P.2d 112, 115 (Mont. 1936). Moreover, under the guise of contract interpretation "a court of law has no right to presume contracting parties intended to insert in a written contract a provision other or different from that which the plain language used would indicate[.]" *Id.*

Here, the Deed is perfectly clear and unambiguous. It says nothing about transferring or assigning claims or causes of action from Thornton to Warren. It contains no words of assignment or "any words that fairly indicate an intention to make [Warren] owner of a claim." *DB Healthcare, LLC v. Blue Cross Blue Shield*

*of Az., Inc.*, 852 F.3d 868, 876 (9th Cir. 2017). Rather, by its plain terms it conveys only the "real property . . . together with all tenements, hereditaments and appurtenances thereto, and all reversions and remainders, and all rents, issues and profits thereof, and all right, title and interest of the Grantor therein" to Warren. (Doc. 47-2 at 31.) Because the deed is unambiguous, the Court may not consider Warren's proffered parol evidence to vary its terms. *Paramount Pest Control*, 304 F.2d at 117.

Moreover, the mere transfer of property by deed does not, in and of itself, convey an assignment of all the grantor's claims or causes of action relating to the property. *See e.g. Ford v. Summertree Lane LLC*, 56 P.3d 1206, 1210 (Colo. App. 2002) (holding that where deed contained only traditional language used to convey real property it did not convey tort or contract claims that arose from an alleged misrepresentation in connection with an earlier purchase and sale of the property); *SPPI-Somersville, Inc. v. TRC Companies, Inc.*, 2009 WL 2612227, *9 (N.D. Cal. Aug. 21, 2009) ("[A] claim of nondisclosure is personal to the purchaser, and does not run with the land."); *Monen v. State Dept. of Highways*, 515 P.2d 1246, 1247 (Colo. App. 1973) (holding landowner's right of action was personal and did not pass to plaintiff in subsequent conveyance without a specific assignment); *Hyde & Hyde, Inc. v. Mount Franklin Food, LLC*, 2012 WL 7062626, *6 (W.D. Tex. April 30, 2012) (explaining "a cause of action is not inherent in property, and thus does

11

not transfer automatically when the property changes hands by contract.  Instead, the contract must explicitly address such an assignment for it to be effective."); *Guilbeau v. Hess Corp.*, 854 F.3d 310, 312 (5th Cir. 2017) (stating damage to property creates a personal right to sue, which does not transfer to a subsequent purchaser in the absence of an assignment); *Landrith v. Bank of New York Mellon*, 2013 WL 1151488, *3, n. 16, 17 (D. Kan. March 20, 2013) (noting a quitclaim deed "conveys only the grantor's title to the land described therein" and does not "operate as an assignment of a claim for damages for a broken covenant") (citations omitted); *Clems Ye Olde Homestead Farms LTD v. Briscoe*, 2008 WL 5146964, *1 (E.D. Tex. Dec. 8, 2008) ("The cause of action for an injury to property belongs to the person owning the property at the time of the injury.  Without express provision, the cause of action does not pass to a subsequent purchaser of the property . . . [and] a subsequent purchaser cannot recover for an injury committed before his or her purchase.") (citations omitted).

As such, the Court finds the Deed from Thornton to Warren did not assign Thornton's claims related to the Property.  Warren, therefore, lacks standing to bring this action in his personal capacity.

## IV.   CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that Ficek's Motion for Summary Judgment Regarding Lack of Standing (Doc. 44) be **GRANTED**.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

**IT IS ORDERED**.

DATED this 6th day of July, 2020.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge