IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



SEP 1 5 2020

Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| BENJAMIN WARREN, | CV 18-110-BLG-SPW |
| Plaintiff, | |
| vs. | ORDER |
| MARK M. FICEK, | |
| Defendant. | |

Before the Court is United States Magistrate Judge Timothy Cavan's findings and recommendation filed July 6, 2020. (Doc. 57). Judge Cavan recommends the Court grant Defendant's motion for summary judgment. (Doc. 45). For the following reasons, the Court adopts Judge Cavan's recommendation.

## I.   STANDARD OF REVIEW

Plaintiff filed timely objections to the findings and recommendation concerning Defendant's motion for summary judgment. (Doc. 61). Plaintiff is entitled to de novo review of those portions of Judge Cavan's findings and recommendation to which he properly objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

//

1

## II.    FACTUAL SUMMARY

Plaintiff Benjamin Warren is the sole beneficiary of the Benjamin White Warren Irrevocable Trust, (the "Trust"), created in California in 1996. Nancy F. Thornton is the trustee of the Trust.

In 2016, Warren sought to purchase property in the Billings, Montana area. Warren toured several options before deciding on a house located at 12555 Andrew Lane in Molt, Montana. Pursuant to Warren's wishes, Nancy Thornton, in her capacity as trustee, executed a Buy-Sell Agreement with Defendant Ficek on February 24, 2016. Thornton also signed the Warranty Deed, dated March 11, 2016, on behalf of the Trust.

As part of the sale, Ficek provided an Owner's Property Disclosure Statement in which Ficek declared he knew of no adverse material issues regarding the property. Thornton signed the Buyer's Acknowledgment of the Property Disclosure on February 2, 2016. Warren also had the property inspected prior to closing on March 2, 2016. Warren moved into the property shortly after closing and allegedly discovered significant issues with the property including structural defects and damage.

On March 6, 2018, Thornton quitclaimed the Property to Warren via a Trustee's Deed. The Deed stated in relevant part:

NANCY  F  THORNTON,  SUCCESSOR  TRUSTEE  OF  THE BENJAMIN WHITE WARREN IRREVOCABLE TRUST, DATED

2

> DECEMBER 19, 1996, 12770 High Bluff Drive, STE 150, San Diego,
> CA 92130 (Grantor), in consideration of one dollar and other valuable
> considerations, does hereby grant and forever quitclaim unto
> BENJAMIN WHITE WARREN, 12555 Andrew Land, Molt, MT
> 59057 (Grantee), the following real property in Yellowstone County,
> Montana:
> …
> together with all tenements, hereditaments and appurtenances thereto,
> and all reversions and remainders, and all rents, issues and profits
> thereof, and all right, title and interest of the Grantor therein. TO HAVE
> AND TO HOLD all and singular the said premises together with
> appurtenances unto the Grantee and to the heirs and assigns of the
> survivor forever.

(Doc. 47-2 at 31-32.)

On July 19, 2018, Warren filed the current lawsuit against Ficek for claims

of fraud in the inducement, breach of contract, unfair and deceptive trade practice,

negligent misrepresentation, and breach of the implied covenant of good faith and

fair dealing.

On July 30, 2019, Thornton executed an Acknowledgment of Distribution,

stating:

> On March 6, 2018, I, Nancy F. Thornton, Trustee of the Benjamin
> White Warren Irrevocable Trust dated December 19, 1996, executed a
> Trustee's Deed, which transferred and distributed all right, title and
> interest I held in the real property in Yellowstone County, Montana
> located at 12555 Andrew Lane, Molt, MT 59507, including any and all
> causes of action related to the real property, to Benjamin White Warren.

(Doc. 51-1 at 47).

//

3

## III.   PLAINTIFF'S OBJECTIONS

Defendant Ficek moved for summary judgment on all claims arguing that Warren lacked standing to bring the lawsuit. Specifically, Ficek contends that only a trustee may sue on behalf of a trust and trust property unless Warren, as the trust beneficiary, presents evidence that the trustee improperly refused to or negligently failed to file the lawsuit. Warren presented no such evidence. Further, Ficek contends that Warren cannot sue on his own behalf as the current property owner because Thornton, as trustee, retains ownership of any pre-purchase claims involving the Buy-Sell Agreement signed by herself and Ficek. Thornton failed to properly assign those claims to Warren when she quitclaimed the property to Warren. Judge Cavan found these arguments persuasive and recommended granting Ficek's motion for summary judgment.

Warren urges this Court to reject Judge Cavan's recommendation for several reasons. First, Warren cites Judge Cavan's failure to examine whether the Acknowledgment of Distribution, standing alone, conferred standing on Warren as error. According to the argument, the Acknowledgment creates a dispute of material fact whether Thornton assigned the claims to Warren after the complaint in the present matter was filed. Alternatively, the Acknowledgment should provide grounds for allowing Warren to file an amended complaint to establish jurisdiction. Second, Warren disagrees with Judge Cavan's finding regarding Warren's

4

beneficiary standing to sue and argues that a question of material fact exists

concerning whether Thornton's failure to bring a claim was improper. Third, Judge

Cavan erred in ignoring evidence of Thornton's intent to assign her claims to

Warren in the quitclaim deed – mainly the Acknowledgment of Distribution.

However, Warren argues that even if the Court refuses to examine the

Acknowledgment, the language of the deed clearly reflected the trustee's intent to

assign the claims as well.

## IV.   DISCUSSION

Summary judgment is appropriate where the moving party demonstrates the

absence of a genuine issue of material fact and entitlement to judgment as a matter

of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322

(1986). Material facts are those which may affect the outcome of the case.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a

material fact is genuine if there is sufficient evidence for a reasonable fact-finder to

return a verdict for the non-moving party. *Id.* "Disputes over irrelevant or

unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec.*

*Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The party seeking summary judgment bears the initial burden of establishing

the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The

moving party can satisfy this burden in two ways: (1) by presenting evidence that

5

negates an essential element of the non-moving party's case; or (2) by

demonstrating that the non-moving party failed to make a showing sufficient to

establish an element essential to that party's case on which that party will bear the

burden of proof at trial. *Id.*

If the moving party meets its initial responsibility, the burden then shifts to

the opposing party to establish that a genuine issue as to any material fact actually

does exist. *Matushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

(1986). In attempting to establish the existence of this factual dispute, the opposing

party must "go beyond the pleadings and by 'the depositions, answers to

interrogatories, and admissions on file' designate 'specific facts showing that there

is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P.

56(e)).

"A district court's ruling on a summary judgment motion may only be based

on admissible evidence." *Briese v. Montana*, 2012 WL 4929107, *15 (D. Mont.

Oct. 16, 2012); Fed. R. Civ. P. 56(c)(4). Thus, it is "incumbent on the court to

determine whether the proffered proof would be admissible in evidence."

*Paramount Pest Control Serv. v. United States*, 304 F.2d 115, 116 (9th Cir. 1962).

Where the proffered evidence clearly infringes on the parol evidence rule, it must

be rejected. *Id.* at 117.

*//*

6

## A. Warren's Standing as Beneficiary.

Judge Cavan found that Warren lacked standing to bring the lawsuit under the general rules of trust beneficiaries and that Warren failed to satisfy the exception to that general rule.

Trust beneficiaries generally lack standing to pursue claims belonging to the trust. *Chauffers, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 567 (1990). This is because a trust beneficiary has no legal title or ownership in the assets of the trust. *In re Tower Park Properties, LLC*, 803 F.3d 450, 459 (9th Cir. 2015). Instead, the trustee has the exclusive authority to pursue claims on behalf of the trust and the trust beneficiaries. *Id.* An exception to this general rule exists, however, "if the trustee 'improperly refuses or neglects to bring an action against the third person'" who harmed the trust. *Chauffers*, 494 U.S. at 548 (*quoting* Restatement (Second) of Trusts, § 282(2)).

Here, the subject property was purchased through a buy-sell agreement signed by Ficek, as the seller, and Thornton, in her capacity as trustee of the Warren Trust, as the buyer. The property then became an asset of the Trust, for which Warren had no legal title or ownership.[1] Warren does not object to this

---

[1] As determined by Judge Cavan, the Warren Trust is governed by California law which reflects the U.S. Supreme Court precedent that a trust beneficiary has no legal title to trust assets and the trustee has exclusive authority to protect those assets through litigation. See Doc. 47-2 at 14; *Estate of Giraldin*, 290 P.3d 199, 210 (Cal. 2012).

finding, but objects to Judge Cavan's finding that Warren failed to satisfy the requirements of the beneficiary exception to standing.

Warren argues the fact that Thornton did not bring a lawsuit against Ficek prior to deeding the property to Warren in 2018 sufficiently establishes that Thornton improperly refused or neglected to bring an action on behalf of the Trust. Judge Cavan found this fact insufficient and the Court agrees. As described by the United States Supreme Court:

> Just as a trust beneficiary can sue to enforce a contract entered into on his behalf by the trustee only if the trustee "improperly refuses or neglects to bring an action against the third person," . . . so an employee can sue his employer for a breach of the collective-bargaining agreement only if he shows that the union breached its duty of fair representation in its handling of the grievance . . . .

*Chauffers*, 484 U.S. at 548 (*quoting* Restatement (Second) of Trusts, § 282(2)). This language places an affirmative burden on a beneficiary to present evidence of the trustee's negligence or improper determination not to pursue a claim. Warren's only statement on the issue was that Thornton did not file a lawsuit against Ficek. This statement alone is not evidence that Thornton's lack of action was negligent or improper. As such, Warren has failed in his burden to show that the beneficiary exception applies to the current lawsuit and provides Warren with standing to pursue the claim as the Trust beneficiary.

//

**B. Warren's Standing as Property Owner.**

Judge Cavan found that Warren did not have standing to pursue the pre-ownership claims of the Trust because the unambiguous Trustee's Deed failed to assign those claims to Warren. Warren argues Judge Cavan erred in first failing to analyze whether the Acknowledgment of Distribution, executed by Thornton on July 30, 2019, established standing as an assignment of claims standing alone. Warren also argues that Judge Cavan should have determined that the Trustee's Deed represented a clear assignment of the Trust's claims to Warren, as intended by the parties.

As Judge Cavan did, the place to start this analysis is with the language of the contract itself. "The construction of a writing granting an interest in real property . . . is governed by the rules of contract interpretation." *Mary J. Baker Revocable Trust v. Cenex Harvest States, Coops., Inc.*, 164 P.3d 851, 857 (Mont. 2007) (*citing* § 70-1-513, MCA). A writing's construction and interpretation are a question of law for a court to determine. *Id.*; *Ophus v. Fritz*, 11 P.3d 1192, 1195 (Mont. 2000); *Lolo Minerals, LLC v. Phil Casico, Jr.*, 2015 U.S. Dist. LEXIS 181865, * 6 (D. Mont. May 28, 2015). If a court determines the writing to be unambiguous, that court must apply the language as written "without resort to extrinsic evidence of the grantor's intent." *Tester v. Tester*, 3 P.3d 109, 114 (Mont. 2000); *See also* 28-2-905, MCA. A writing is unambiguous if there is only one

9

reasonable construction of the language. *Mary J. Baker Revocable Trust*, 164 P.3d

at 857. However, if the writing is ambiguous – capable of multiple, reasonable

constructions – the court must engage in a factual determination of the contracting

parties' intentions. *Id.* An ambiguity is determined on an objective basis without

regard to whether the parties to the document have opposing interpretations. *Id.*

(*quoting* Richard A. Lord, *Williston on Contracts* vol. 11 § 30:4, at 51-54 (4th ed.,

West 1999)). An assignment is similarly governed by the rules of contract

interpretation. *Northwest Oil & Refining Co. v. Honolulu Oil Corp.*, 195 F.Supp.

281, 286 (D. Mont. 1961).

The Trustee's Deed contains the boilerplate language of a property deed

stating, "together with all tenements, hereditaments and appurtenances thereto, and

all reversions and remainders, and all rents, issues and profits thereof, and all right,

title and interest of the Grantor *therein*." (Doc. 47-2 at 31-32) (emphasis added).

While this language transfers all ownership rights and interest in the subject

property, it says nothing of any claims or causes of action the Grantor may have

accrued in pursuit of ownership. Warren argues that no special words are necessary

to effectuate an assignment, yet some language must exist to demonstrate at least

the intent to transfer a claim. *Wippert v. Blackfeet Tribe of Blackfeet Indian

Reservation*, 654 P.2d 512, 516 (Mont. 1982). No such language exists here. The

Trustee's Deed is unambiguous and reasonably capable of one construction –

transferring only the ownership rights and interest in the subject property. Warren points to the language of the Acknowledgment of Distribution as evidence for Thornton's intent to transfer the claim against Ficek in the Deed's language. However, as noted above, if the writing is unambiguous, a court cannot resort to extrinsic evidence to interpret the contract. *Tester*, 3 P.3d at 114.

Warren also makes the argument that the Acknowledgment, on its own, establishes standing as an assignment of the claims. This argument was not presented to Judge Cavan in Warren's prior briefing. Ficek contends the theory should be waived due to Warren's failure to raise it earlier. While the Court does not approve of Warren's decision to raise this argument for the first time in an objection to Judge Cavan's findings and cautions against continuing the practice in the future, it is the discretion of the Court whether to consider the argument or not. *Brown v. Roe*, 279 F.3d 742, 745 (9th Cir. 2002).

Here, the language of the Acknowledgment contradicts Warren's reasoning. The Acknowledgment states in pertinent part: "On March 6, 2018, I, Nancy Thornton . . . executed a Trustee's Deed, which transferred and distributed all right, title and interest I held in the real property . . . including any and all causes of action related to the real property, to Benjamin White Warren." (Doc. 51-1). This language does not convey a present intent to transfer the claims. Instead, the writing states that Thornton intended to assign the claims in the Trustee's Deed

11

dated over a year before Thornton executed the Acknowledgment. The Court has already determined that the Deed failed to assign those claims and that the Court cannot consider the Acknowledgment as extrinsic evidence. Therefore, the Acknowledgment fails as a stand-alone assignment of the claims against Ficek and the Court cannot consider it as extrinsic evidence of Thornton's intent when executing the Trustee's Deed.[2]

## V.      Conclusion and order

It is hereby ordered that:

1.      Judge Cavan's findings and recommendation are adopted in full;

2.      Defendant's Motion for Summary Judgement is Granted.

The clerk is ordered to enter judgment and close this case.

DATED this 14 day of September, 2020.

SUSAN P. WATTERS
United States District Judge

---

[2] Warren makes an alternative argument that if the Court agrees with Judge Cavan that the Deed did not assign the claims, Warren should be able to amend the complaint to include the Acknowledgment as the basis for assignment. This argument is now moot as the Court finds the Acknowledgment fails to assign the claims to Warren.

12